Brady *v.* Durbrow.

---

## JAMES BRADY *v.* JOHN B. DURBROW.

Where the purchaser of an unfinished house, by the consent of the seller, retained $500 of the consideration money, to be applied to the completion of the building, and, in an action by the seller—brought in this court, among other things, to recover a part of that sum as purchase money due—it appeared that it had been so expended pursuant to the agreement under which it was reserved; *held,* that such expenditure was to be deemed, to all intents, a *payment,* and that the facts did not show a case of *mutual accounts,* within the meaning of the statute defining the jurisdiction of Justices' Courts. INGRAHAM, FIRST J., not concurring.

Accordingly, where, in such action, a referee, to whom the same had been referred for trial, reported only $12 33 due the plaintiff and remaining unpaid; it was *held,* that the defendant was entitled to costs and to a judgment therefor, after deducting the amount of the plaintiff's recovery.

*Held,* also, that under such circumstances the defendant had a right to an extra allowance, if the case otherwise appeared "difficult or extraordinary." INGRAHAM, FIRST J., dissenting.

As regards the defendant's right to an allowance, the Code makes no distinction between a judgment recovered against the plaintiff, upon the merits of the matter in controversy, and a judgment obtained against him for costs of suit.

The extra allowance provided for in the Code is not properly termed an addition to, but is a part, of the costs of suit; and when a party is entitled to recover the costs, his right to an allowance, as a part thereof, follows of course, where it is shown that the case is difficult or extraordinary, and that

the other items will furnish to the attorney an inadequate compensation. *Per* WOODRUFF, J. (*a*)

In a case of "mutual accounts," where the claims of both parties, each against the other, amount together to more than $400, one of the parties cannot sue the other in a justice's court, but must bring his action in a court of record.

THIS was an appeal from an order granted at special term, making an allowance to the defendant of ten per cent. upon $488, the amount claimed against him in the complaint.

The plaintiff claimed two items, namely, $263 and $225. The former—which the plaintiff at the trial voluntarily reduced to $249, by admitting the receipt of $14 thereon—was a balance which he alleged was due upon $500 of the purchase money of a house sold by him to the defendant. The house was taken in an unfinished state, the plaintiff agreeing that unless he should himself complete it within a specified time, the defendant might apply $500 of the purchase money to that object. This fund was accordingly reserved, pursuant to the understanding between the parties. Upon the happening of the contingency, whereon the defendant was to be permitted to expend it as above stated, it was so applied by him to the amount of $487 67, thus leaving $12 33 due to the plaintiff upon that branch of the case.

The other item of the plaintiff's demand arose under an assignment to him of the claim of a contractor, against the defendant, for building an addition to the house. To this, certain counter-claims were interposed, which were allowed by the referee before whom the cause was tried, and a balance of $2 26 certified in the defendant's favor. This was deducted from the sum of $12 33, above mentioned, leaving $10 07, to which $1 17 were added as interest, and a report made to the court, in favor of the plaintiff against the defendant, upon the whole case, for $11 24.

The defendant then moved for an allowance, under §§ 308 and 309 of the Code, which motion was opposed upon the

(*a*) See *Ellsworth* v. *Gooding*, 8 How. 3; and *Hicks* v. *Waltermire*, 7 Id. 371.

ground, among others, that this case "involved a matter of account, where the sum total of the accounts of both parties" exceeded "four hundred dollars." (Code, § 54, subd. 4.) That, therefore, the action could not have been brought in a Justice's Court, and consequently the *plaintiff* was entitled to costs, under subdivision 3 of § 304, notwithstanding the small amount of his recovery upon the merits.

It was also contended, in opposition to the motion, that although the plaintiff's claim, as adjudged, must be deducted from the costs of suit, if the defendant is entitled to such costs, yet the plaintiff, and not the defendant, is the party who in fact "recovers judgment," within the meaning of § 309. That, in other words, as would appear from the plaintiff's argument, the "judgment," required to justify the granting of an allowance, must be an adjudication upon the merits of the controversy, and not a mere statutory award of costs resulting from the plaintiff's failure to establish a claim for such an amount or under such circumstances, as would entitle him to costs.

On deciding the motion at special term, WOODRUFF, J., after giving his views upon the objection that the case was one of mutual accounts, said, "Where a defendant is entitled to a judgment for costs, he may have an extra allowance. "We have before held, that the judgment spoken of in the Code, by which the right to disbursements is to be determined, is the judgment for *costs*, and that when a plaintiff is not entitled to costs, he cannot have disbursements.

"So here, an extra allowance, if made, is allowed as *costs*. "Whoever, then, recovers *costs* may have an extra allowance, if the case otherwise requires it. "The mere fact that the referee found a small balance for the plaintiff, ought not to affect the question."

The appeal was argued by

*Thomas S. Henry*, for the plaintiff.

*H. M. Dewey* and *P. Reynolds*, for the defendant.

DALY, J.—This was not a case of mutual accounts. The plaintiff claimed $249, a balance due upon the purchase of a house, and $225, a claim which a third person had against the defendant for building a tea room, and which claim he had assigned to the plaintiff. The house being unfinished at the time of its purchase, the plaintiff agreed that $500 of the purchase money should remain in the defendant's hands, and if the plaintiff did not complete the house by a certain day, that the defendant might get the work done by others, and pay for it out of the $500. The house was not completed by the time specified, and the defendant finished it, applying $487 67 of the money in his hands for that purpose. This was equivalent to payment of so much of the five hundred dollars, and reduced the plaintiff's claim against him, upon this transaction, to $12 33. The case of mutual accounts, intended by the statute, is, where each party has a claim against the other upon which either party might sue. (*Ex parte Mills* v. *New York Common Pleas*, 10 Wend. n. 557, Cowen's Treatise, 747.) (a) If a payment has been made upon the claim of either, it is so far extinguished, and nothing remains outstanding and unliquidated but the balance. The defendant had no claim against the plaintiff, but the plaintiff having a claim against him for the balance of the purchase money, that claim was reduced to $12 33, by the defendant's applying the money in his hands in the manner agreed upon. The money was paid to finish the building, according to the plaintiff's agreement, and as respects the defendant, it was as much a payment of a part of the five hundred dollars as if the plaintiff had finished the building himself, and the defendant had paid the money directly to him. He left the defendant at liberty to apply the balance of the purchase money in that way, and the moment the defendant so applied any part of it, the plaintiff's claim to it was so far extinguished. The $487 67 having been appropriated to the

(a) See *Ward* v. *Ingraham*, 1 E. D. Smith's C. P. R. 538.

finishing of the building, it was as substantially a payment of it, on the part of the defendant, as if there had been no such agreement, and the defendant had paid it, by the plaintiff's request, to another person. It does not present the ·case of money laid out and expended by the defendant to the plaintiff's use, which he may recover back again or set off against any claim which the plaintiff might have against him. But it is the case of party who becomes liable to pay money to another upon a certain contingency, but who extinguishes his liability by paying or appropriating the money in a manner provided for and assented to by the other party. By paying or appropriating the money in such a case, he does not create a claim · for the amount paid against the other party, but simply extinguishes a liability against himself. This transaction, therefore, presents merely a claim, by the · plaintiff, against the defendant, for $12 33, and not a case of mutual claims or accounts within the statute. In the case of mutual accounts—that is, where each party has a claim against the other—a justice cannot, if the claims on both sides amount to a greater sum than four hundred dollars, proceed to adjust them, and render judgment for the balance. In such a case, the plaintiff must submit to a judgment of discontinuance, and bring his action in a court of record, setting forth, it is to be presumed, if his claim be less than fifty dollars, that he claimed a balance on mutual account, exceeding, together, in amount, four hundred dollars. In respect to the claim of $225, assigned to the plaintiff, the same remarks will apply; $50 was paid, respecting which there is no dispute. This reduced the claim of the tea room to $200. A horse and wagon were taken, which the assignor of the claimant agreed might be sold, and the proceeds applied in payment of the $200. They were sold and brought $132, thus reducing the claim to $68. Without going any further, it is sufficient to say, that this claim, as reduced by the payments to $68, might have been sued for, together with the $12 33, in a Justice's Court. The referee erred, perhaps, in charging the overplus paid to the builder of the tea room to the plain-

tiff, and deducting it from the $12 33; but with that we have nothing to do on this motion.

The defendant having recovered a judgment for costs, was entitled, the case being difficult and extraordinary, to an extra allowance. The Code makes no distinction between a judgment recovered against the plaintiff upon the merits of the matter in controversy, and a judgment recovered against him for costs.

INGRAHAM, FIRST J., (dissenting.)—I am not satisfied that the claims of the plaintiff and defendant in this case, as proved before the referee, do not come within the meaning of the term mutual accounts. The plaintiff claimed two sums as due him, amounting to over $500, and the defendant claimed credit for moneys paid by him, in part for work done on the plaintiff's account, and in part for articles purchased on his account. The most of them were unliquidated charges, which do not come within the term, "payments."

But admitting that a different rule is to be applied to this case, I can see no reason for allowing the defendant an extra allowance. The cases contemplated by the Code, in which the allowance is to be made, are cases in which one or the other party recovers a full judgment. Who has the judgment here? The plaintiff is entitled to make it up, and, in so doing, he may be compelled to provide for the defendant's costs; but I do not think the defendant has the judgment here, so as to warrant this allowance. It is apparent, also, from the character of the plaintiff's claims, that the action may have been brought in this court in perfect good faith, under the belief that the Justice's Court had no jurisdiction. If so, the plaintiff is sufficiently punished by having to pay the defendant's costs, without the allowance.

Where the question as to the defendant's right to costs at all is not free from doubt, and the plaintiff has a verdict, I think an extra allowance should not be made. So much of the order as allows extra costs to the defendant should be reversed.

WOODRUFF, J.—I concur in the views expressed by my brother, DALY. In addition to the brief opinion given by me at special term, and which expresses my present opinion on the subject, I desire only to add, that an extra allowance was not ordered at special term by way of *punishment* of the plaintiff, as the first judge seems to intimate, nor was it · upon the ground that the prosecution was unfairly or unreasonably conducted; but simply because the case was manifestly a difficult and extraordinary one, in which it was just that an enlarged sum should be allowed to the defendant as costs. It is a mistake to call the allowance an *addition* to the costs. The allowance itself is costs, as much as the *trial fee* or any other item. Having, then, come to the conclusion that the defendant was entitled to recover costs in the action, the allowance followed, of course, so soon as it was shown to be a difficult and extraordinary case, for which the other items furnished an inadequate compensation.

Order appealed from affirmed, with costs.